IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FORT SMITH DIVISION

TINA WALLACE                                                                           PLAINTIFF

v.                        CIVIL NO. 2:17-CV-2061

NANCY A. BERRYHILL, [1] Acting Commissioner,
Social Security Administration                                                         DEFENDANT

**<u>MEMORANDUM OPINION</u>**

Plaintiff, Tina Wallace, brings this action pursuant to 42 U.S.C. § 405(g), seeking judicial review of a decision of the Commissioner of the Social Security Administration (Commissioner) denying her claims for a period of disability and disability insurance benefits (DIB) and supplemental security income (SSI) under the provisions of Titles II and XVI of the Social Security Act (Act). In this judicial review, the Court must determine whether there is substantial evidence in the administrative record to support the Commissioner's decision. See 42 U.S.C. § 405(g).

Plaintiff protectively filed her current applications for DIB and SSI on October 5, 2015, alleging an inability to work since December 1, 2014, due to migraines, arthritis, bipolar disorder, anxiety, depression, and panic attacks. (Tr. 81-82, 93-94). For DIB purposes, Plaintiff maintained insured status through March 31, 2018. (Tr. 81, 93). An administrative

---

[1] Nancy A. Berryhill, has been appointed to serve as acting Commissioner of Social Security, and is substituted as Defendant, pursuant to Rule 25(d)(1) of the Federal Rules of Civil Procedure.

1

hearing was held on September 22, 2016, at which Plaintiff and a vocational expert testified. (Tr. 35-79).

By written decision dated October 4, 2016, the ALJ found that during the relevant time period, Plaintiff had severe impairments of bipolar disorder, major depression, post-traumatic stress disorder, panic disorder, anxiety disorder, and intermittent substance abuse of marijuana and alcohol. (Tr. 21). However, after reviewing all of the evidence presented, the ALJ determined that Plaintiff's impairment did not meet or equal the level of severity of any impairment listed in the Listing of Impairments found in Appendix I, Subpart P, Regulation No. 4. (Tr. 21). The ALJ found that Plaintiff retained the residual functional capacity (RFC) to perform work at all exertional levels, but with the following non-exertional limitations:

> The claimant can perform at least unskilled work, that can be learned in a period of six months. She can have occasional contact with co-workers, supervisors, and the public. She is able to apply commonsense understanding to carry out instructions furnished in oral, written, or diagrammatic form, which deal with several concrete variables in or from standardized situations with no quick decision making required. The claimant may be off-task 5% of the workday.

(Tr. 21-26). Although Plaintiff had no past relevant work, with the help of a vocational expert (VE), the ALJ determined that there were jobs that existed in significant numbers in the national economy that Plaintiff could perform, such as price marker and cleaner/housekeeping. (Tr. 26-27).

Plaintiff then requested a review of the hearing decision by the Appeals Council, which denied that request on February 23, 2017. (Tr. 1-4). Subsequently, Plaintiff filed this action. (Doc. 1). This case is before the undersigned pursuant to the consent of the parties. (Doc. 5). Both parties have filed appeal briefs, and the case is now ready for decision. (Docs. 11, 12).

This Court's role is to determine whether the Commissioner's findings are supported by substantial evidence on the record as a whole. Ramirez v. Barnhart, 292 F.3d 576, 583 (8th

Cir. 2002). Substantial evidence is less than a preponderance but it is enough that a reasonable mind would find it adequate to support the Commissioner's decision. The ALJ's decision must be affirmed if the record contains substantial evidence to support it. Edwards v. Barnhart, 314 F.3d 964, 966 (8th Cir. 2003). As long as there is substantial evidence in the record that supports the Commissioner's decision, the Court may not reverse it simply because substantial evidence exists in the record that would have supported a contrary outcome, or because the Court would have decided the case differently. Haley v. Massanari, 258 F.3d 742, 747 (8th Cir. 2001). In other words, if after reviewing the record it is possible to draw two inconsistent positions from the evidence and one of those positions represents the findings of the ALJ, the decision of the ALJ must be affirmed. Young v. Apfel, 221 F.3d 1065, 1068 (8th Cir. 2000).

The Court has reviewed the entire transcript and the parties' briefs. For the reasons stated in the ALJ's well-reasoned opinion and the Government's brief, the Court finds Plaintiff's arguments on appeal to be without merit and finds that the record as a whole reflects substantial evidence to support the ALJ's decision. Accordingly, the ALJ's decision is hereby summarily affirmed and Plaintiff's Complaint is dismissed with prejudice. See Sledge v. Astrue, No. 08-0089, 2008 WL 4816675 (W.D. Mo. Oct. 31, 2008) (summarily affirming ALJ's denial of disability benefits), aff'd, 364 Fed. Appx. 307 (8th Cir. 2010).

IT IS SO ORDERED AND ADJUDGED this 6th day of August, 2018.

/s/ *Erin L. Wiedemann*
HON. ERIN L. WIEDEMANN
UNITED STATES MAGISTRATE JUDGE